UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Adduci Mastriani & Schaumberg L.L.P.
1200 Seventeenth Street, NW, Fifth Floor
Washington, DC 20036

Plaintiff,

v.

Lyndol W. Hollingsworth
130 Crows Nest Court
Azle, Texas 76020-4945

AND

New Millennium Tools, Inc.
5591 SW Artic Drive
Beaverton, Oregon 97505

and

Charles Minnick
5591 SW Artic Drive
Beaverton, Oregon 97005-4163

Defendants.

Civil Action No. _____

## COMPLAINT

Plaintiff, ADDUCI MASTRIANI & SCHAUMBERG LLP, complains against Defendants, NEW MILLENIUM TOOLS, INC., CHARLES MINNICK and LYNDOL W. HOLLINGSWORTH, as follows:

### Nature of the Action

1.  Plaintiff Adduci Mastriani & Schaumberg LLP ("AMS") brings this civil action pursuant to 28 U.S.C. § 1332 seeking damages against Defendants, New Millennium Tools, Inc., Lyndol W. Hollingsworth and Charles Minnick (collectively "NMT"). This matter arises out of NMT's breach of contract and deceptive conduct.

## The Parties

2. AMS is incorporated under the laws of the District of Columbia and has its principal place of business at 1200 Seventeenth Street, NW, Washington, D.C. 20036.

3. Upon information and belief, NMT is incorporated under the laws of the State of Oregon and its principal place of business is located at 5591 SW Artic Drive, Beaverton, Oregon 97505.

4. Upon information and belief, Charles Minnick resides at 5591 SW Arctic Drive, Beaverton, Oregon 97005-4163.

5. Upon information and belief, Lyndol W. Hollingsworth resides at 1305 Crows Nest Court, Azle, Texas 76020-4945.

## Jurisdiction and Venue

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) because a substantial part of the events or omissions giving rise to AMS's claims occurred in this District.

## Background

8. AMS is engaged in the business of providing legal services to clients for fees agreed upon under the terms of an engagement letter or retainer agreement.

9. Upon information and belief, NMT is an Oregon corporation that designs, manufactures and sells tools.

10. On February 22, 2006, NMT entered into a Retainer Agreement, attached hereto as Exhibit A, with AMS, whereby AMS was "to provide representation as counsel in advising on

*Tesla Industries, Inc. v. David C. Waldmann, Lyndol W. Hollingsworth, Charles Minnick a/k/a Chuck Minnick, and New Millennium Tools, Inc.*, Case No. C.A. No. 06-55" that took place in the United States District Court for the District of Delaware ("the Delaware Action").

11. Pursuant to the Retainer Agreement, it was agreed that fees for professional services were to be charged at the firm's normal hourly rate and that NMT would pay all costs incurred in connection with AMS's representation under the Retainer Agreement. *See* Exhibit A. AMS was to send NMT monthly statements indicating hourly attorneys' fees and costs incurred, and the current balance owed, which was to be paid in full within thirty (30) days after the date of statement. *See* Exhibit A. Interest in the amount of one percent (1%) per month was to be charged on any balance past due more than sixty (60) days. *See* Exhibit A.

12. AMS represented NMT throughout the pendency of the Delaware Action until a settlement was reached and the Delaware Action was dismissed as to NMT.

13. NMT, being a smaller, closely held business, struggled to timely pay AMS in connection with the Delaware Action. In an effort to bring its outstanding invoices current, NMT promised in writing and orally that it would pay AMS $900 out of the sale proceeds for each LugMaster unit sold.

14. NMT sold at least 50 units to a foreign client and another 125 units to domestic military installations. These sales should have provided direct payment to AMS of $157,500 toward the outstanding invoices. Such payment was never made, but converted by NMT for its own use.

15. To date, NMT has failed to pay invoices amounting to $800,004.05 related to services rendered in connection with the Delaware Action.

## Count One
### (Breach of Contract)

16. Plaintiff AMS re-alleges and incorporates herein by reference Paragraphs 1 through 15 of this Complaint as though fully set forth herein.

17. The Retainer Agreement between AMS and NMT constitutes a valid and enforceable contract whereby AMS provided legal services in connection with the Delaware Action to NMT and NMT was required to pay for these services according to the terms outlined in the Retainer Agreement.

18. NMT is in breach of this contract by its refusal to satisfy its obligations to pay AMS for services rendered under the Retainer Agreement.

19. The agreement between AMS and NMT wherein AMS was to receive $900 for every LugMaster unit sold constitutes a valid and enforceable contract.

20. NMT is in breach of this contract by its refusal to tender to AMS its share of sales of LugMaster units.

21. As a direct and proximate result of Defendant NMT's breach of the Retainer Agreement and agreement that AMS was to receive $900 for every unit of LugMaster sold, AMS has suffered and will continue to suffer injury such that AMS is entitled to an award of compensatory and consequential damages, plus costs and interest.

## Count Two
### (Quantum Meruit)

22. Plaintiff AMS re-alleges and incorporates herein by reference Paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23. The actions of NMT permitted it to be enriched unjustly, at AMS's expense, through the realization of profits and other benefits, which NMT should be required to disgorge.

24. AMS, by providing services under the Retainer Agreement, conferred a benefit on NMT.

25. NMT knew of, and accepted, the benefit conferred by AMS through its representation of NMT in the Delaware Action.

26. AMS has a reasonable expectation of payment and NMT should reasonably be expected to pay for the benefit conferred by AMS through its representation of NMT in the Delaware Action.

27. Equity and good conscience require that NMT make restitution to AMS.

28. AMS is entitled to damages in an amount equal to the sums which were to be paid by NMT to AMS for services performed, plus costs and interest.

### Count Three
### (Fraud)

29. Plaintiff AMS re-alleges and incorporates herein by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. NMT falsely represented that it would be able to fully pay for the legal fees and costs associated with the defense of the Delaware action out of the revenues of these sales.

31. NMT falsely represented to AMS that it had made sales of the LugMaster units and that it had contracts for future sales. Moreover, NMT falsely represented to AMS that, in order to satisfy the outstanding invoices from AMS, it would pay AMS $900 from the sale of every LugMaster unit.

32. NMT had knowledge of the falsity of these representations and made them with the intent to deceive AMS into continuing to represent it in the Delaware Action.

33. AMS continued to represent NMT, rather than withdraw, in reliance upon NMT's series of false representations of material fact.

34. As NMT's breach of contract assumed the character of a willful tort, AMS is entitled to compensatory and punitive damages in an amount of $3,000,000.00.

## Count Four
### (Conversion)

35. Plaintiff AMS re-alleges and incorporates herein by reference Paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36. NMT is unlawfully exercising ownership, dominion and control over the personal property of AMS in denial or repudiation of AMS'S property rights. In particular, NMT has withheld $900 per LugMaster unit sold.

37. AMS is therefore entitled to damages in an amount equal to the sums which were to be paid by NMT to AMS for services performed, plus costs and interest.

## Prayer for Relief

WHEREFORE, as a direct and proximate result of the allegations above, AMS has suffered, and will continue to suffer, injury and damages such that judgment should be entered against NMT as follows:

A. Awarding AMS compensatory damages in the amount of $800,004.05 caused by NMT's breach of the Retainer Agreement;

B. Awarding AMS $3,000,000.00 in punitive damages for its fraudulent conduct;

C. Awarding AMS costs and pre-judgment and post-judgment interest; and

    D.    Awarding such other and further relief as the Court deems just and proper.

Dated: June 6, 2008

Respectfully submitted,

_____
Louis S. Mastriani
D.C. Bar No. 386820
Michael L. Doane
D.C. Bar No. 438368
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006
*Counsel for Plaintiff Adduci Mastriani & Schaumberg LLP*

## DEMAND FOR JURY TRIAL

Plaintiff Adduci Mastriani & Schaumberg LLP hereby demands trial by jury on all counts contained herein.

Dated: June 6, 2008

Respectfully submitted,

Louis S. Mastriani
D.C. Bar No. 386820
Michael L. Doane
D.C. Bar No. 438368
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006
*Counsel for Plaintiff Adduci Mastriani & Schaumberg LLP*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Adduci Mastriani & Schaumberg LLP | New Millennium Tools, Inc., Charles Minnick and Lyndol W. Hollingsworth |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  88888
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Louis S. Mastriani
Michael L. Doane
Adduci Mastriani & Schaumberg LLP
1200 Seventeenth Street, NW, Fifth Floor
Washington, DC  20036 (202) 467-6300

ATTORNEYS (IF KNOWN)

N/A

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ● 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ⦿ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ⦿ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Common law breach of contract and related causes of action. 28 U.S.C. Section 1332

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 6/9/2008    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

    I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

    III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

    IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

    VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

    VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.